CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 08 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 7:13cr00081 |
| v. | ) |
| | ) |
| ANTONIO LOYDA-HERNANDEZ, | ) By: Michael F. Urbanski |
| | ) United States District Judge |
| a/k/a Antonio Hernandez-Loida | ) |
| Jose Loyda-Hernandez | ) |
| Arturo Cruz Hernandez | ) |
| Alvaro Loyda-Hernandez | ) |
| Alberto Hernandez | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Antonio Loyda-Hernandez,[1] a federal inmate proceeding pro se, has filed a petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, and Loyda-Hernandez has responded, making this matter ripe for consideration. Because Loyda-Hernandez has not raised any claims entitling him to relief, his petition must be dismissed.

I.

On November 21, 2013, a federal grand jury indicted Loyda-Hernandez for illegally reentering the United States after having been removed "on or about July 25, 2005, subsequent to a conviction for commission of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)," in violation of 8 U.S.C. § 1326. Indictment at 1, ECF No. 1. Loyda-

---

[1] Antonio Loyda-Hernandez has many aliases and his arrest records refer to him by different names. However, he does not, nor has he ever, claimed that his prior convictions were committed by someone else.

1

Hernandez, a Mexican national, had previously been removed from the United States on two occasions. On December 15, 1995, he was convicted of second-degree rape in North Carolina, sentenced to serve between 63 and 85 months' imprisonment, and removed on February 17, 2001. On October 7, 2002, he was convicted of trafficking in cocaine and conspiracy to traffic cocaine in North Carolina and sentenced to serve between 35 and 42 months' imprisonment, and was again removed on July 25, 2005. Factual Basis at 2, ECF No. 20.

Loyda-Hernandez pleaded guilty, pursuant to a written plea agreement, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Because he pleaded guilty to a § 1326 violation after having been convicted of an aggravated felony, he faced a maximum sentence of 20 years' incarceration. 8 U.S.C. § 1326(b)(2). He stipulated to a base offense level of 8 under United States Sentencing Guideline ("U.S.S.G.") § 2L1.2, for unlawfully entering or remaining in the United States. In addition, he stipulated to an 8-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) for having previously been deported following a conviction for an aggravated felony. PSR at 3, ECF No. 18. The plea agreement provided that Loyda-Hernandez understood "other guideline sections may be applicable" to his case and that the court was not bound by any stipulations included in the plea agreement. Id. at 3, 11.

The Presentence Investigation Report ("PSR") recommended a base offense level of 8 and a 16-point enhancement, rather than the 8-point enhancement to which he stipulated in the plea agreement, because Loyda-Hernandez previously had been "convicted of a crime of violence, 2nd degree rape, and a drug trafficking offense, trafficking in cocaine," in

2

accordance with U.S.S.G. § 2L1.2(b)(1)(A). PSR ¶ 13, ECF No. 28. The PSR calculated Loyda-Hernandez's guideline range as 46 to 57 months. Id. at ¶ 41.

At Loyda-Hernandez's sentencing hearing, the court accepted the PSR and calculated his advisory guideline range as 46 to 57 months. Statement of Reasons at 1, ECF No. 27. The court sentenced Loyda-Hernandez to the low end of that range, 46 months. Judgment at 2, ECF No. 26. Loyda-Hernandez did not appeal. He filed this § 2255 petition alleging that his "prior aggravated/violent offense(s) are no longer predicates based on a new constitutional ruling" in Johnson v. United States, 135 S. Ct. 2551 (2015). § 2255 Mot. at 4, ECF No. 30. In accordance with Standing Order 2015-5, the court appointed the Federal Public Defender to represent Loyda-Hernandez and file additional briefing, if necessary. The Federal Public Defender declined to file any additional briefing. Notice at 2, ECF No. 33.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Loyda-Hernandez bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Loyda-Hernandez's claim fails, however, because it is untimely. A § 2255 petition must adhere to strict statute of limitations requirements before a court may consider any

3

substantive claims. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Loyda-Hernandez did not file within one year of his final judgment, which was entered on April 24, 2014, and so his claim is untimely under § 2255(f)(1). His petition is also untimely under § 2255(f)(3). The Supreme Court's decision in Johnson, which was issued on June 26, 2015, announced a new rule of constitutional law that applies retroactively, Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, Johnson does not affect Loyda-Hernandez's case, and so his petition does not fall within the § 2255(f)(3) exception.

Loyda-Hernandez argues that he should not have faced a 20-year maximum sentence pursuant to 8 U.S.C. § 1326(b)(2) because his prior rape conviction no longer qualifies as an "aggravated felony" following Johnson.[2] A defendant who has been removed and is later

---

[2] In Johnson, the Supreme Court reviewed the Armed Career Criminal Act ("ACCA"), which allows for an increased sentence for a defendant convicted of being a felon in possession of a firearm who also has three prior convictions for "violent felonies." 135 S. Ct. at 2555. The Court

4

found to have illegally reentered the United States is subject to imprisonment of not more than two years. 8 U.S.C. § 1326(a). However, when the defendant's "removal was subsequent to a conviction for commission of an aggravated felony" the defendant is subject to a term of imprisonment of not more than 20 years. Id. § 1326(b)(2). The definition of "aggravated felony," for purposes of the immigration laws, includes convictions for, "illicit trafficking in a controlled substance . . . including a drug trafficking crime," 8 U.S.C. § 1101(a)(43)(B), and "a crime of violence," 8 U.S.C. § 1101(a)(43)(F). A "crime of violence," in turn, is defined by reference to 18 U.S.C. § 16, and includes a clause similar to the residual clause that the Supreme Court held unconstitutional in Johnson: "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

Loyda-Hernandez was removed in 2005, after a 2002 conviction for trafficking and conspiracy to traffic cocaine. Accordingly, he satisfies the "aggravated felony" requirement of § 1101(a)(43)(B) for "illicit trafficking" and properly faced a statutory maximum sentence of twenty years. Loyda-Hernandez argues, however, that his prior rape conviction no longer qualifies as a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F), following Johnson. Whether a second degree rape conviction qualifies as a "crime of violence" following Johnson or even whether Johnson applies in the immigration context is immaterial, however, because the indictment relied on his <u>drug trafficking conviction</u> resulting in his 2005

---

concluded that one of the ACCA's definitions of "violent felony" – a conviction that "involves conduct that presents a serious potential risk of physical injury to another," – was unconstitutionally vague. Id. at 2563.

5

removal, to satisfy the aggravated felony requirement of 8 U.S.C. § 1326(b)(2).[3] Therefore, Loyda-Hernandez has no possible claim of right under Johnson and his petition is time-barred.

Any claim that Loyda-Hernandez may have regarding the guidelines similarly fails. Loyda-Hernandez stipulated to an 8-point enhancement based on a prior conviction for an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C). The application note to U.S.S.G. § 2L1.2 defines "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43) and so potentially involves the same analysis discussed above with regard to 8 U.S.C. § 1326.

However, the court never applied the 8-level enhancement for an "aggravated felony" to Loyda-Hernandez. He received a 16-point enhancement because he had a prior drug trafficking conviction that resulted in a sentence in excess of 13 months. U.S.S.G. § 2L1.2(b)(1)(A) (providing for a 16-point enhancement when a defendant has previously been deported following a conviction for "a drug trafficking offense for which the sentence imposed exceeded 13 months").

The plea agreement specified that other guideline sections "may be applicable" and that "the Court is not bound by any recommendations or stipulations contained in this agreement and may sentence me up to the maximum provided by law." Plea Agreement at 3, 11, ECF No. 18. Accordingly, the sentencing court permissibly relied on other applicable guideline sections in determining Loyda-Hernandez's advisory guideline range. See Rule 11(c)(1)(B) (providing that the government will recommend that a particular provision of the

---

[3] The Supreme Court recently granted a writ of certiorari in Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), which held, in the context of an immigration case, that the definition of "crime of violence" in 18 U.S.C. § 16(b) was unconstitutionally vague. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911 (U.S. Sept. 29, 2016).

6

sentencing guidelines applies but that "such a recommendation or request does not bind the court"). As a result, any Johnson claim as related to the guidelines, is also completely without merit.

III.

For the reasons stated, the court **GRANTS** the government's motion to dismiss, ECF No. 36, and **DISMISSES** Loyda-Hernandez's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 30. Because Loyda-Hernandez has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED**.

ENTER: This 8th day of November, 2016.

/s/ Michael F. Urbanski
United States District Judge